UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-08189-SVW-JCG | Date | January 15, 2013 |
|---|---|---|---|
| Title | EPI Investments, LLC v. Jovel, et al. | | |

JS - 6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**     IN CHAMBERS ORDER re Dismissal

**I.     INTRODUCTION**

On June 29, 2012, EPI Investments, LLC ("Plaintiff") filed the instant unlawful detainer action in Los Angeles Superior Court against Defendants Roberto Jovel and Martha Jovel (collectively "Defendants"). (Dkt. 1). Defendants are allegedly in possession of real property located at 6101 South Central Avenue, Los Angeles, California 90001 (the "Property"). (Compl. ¶ 2). On June 15, 2012, Plaintiff took title to the property at a trustee's sale. (Compl. ¶ 6). Thereafter, Plaintiff served a notice to quit on Defendants requiring them to vacate the property within three days, but Defendants continued in possession of the property. (Compl. ¶¶ 7-8). Plaintiff seeks, inter alia, possession of the property, damages at the rate of $83.33 per day from June 26, 2012 until the date of judgment. (Compl. ¶ 10).

Defendants filed a Notice of Removal on August 9, 2012, commencing the action styled *EPI Investments, LLC v. Jovel, et al.*, No. .2:12-cv-06892-SVW-JCG. Plaintiff filed a Motion to Remand on August 20, 2012 for lack of subject matter jurisdiction and lack of diversity of citizenship. The Court granted the motion and remanded the action to state court.

On September 21, 2012, Defendants filed a second Notice of Removal to trigger this action. Because the Court determines *sua sponte* that it lacks subject matter jurisdiction, the matter is remanded to state court forthwith.

**II.     ANALYSIS**

Where a case has been removed, the federal court may remand for lack of subject matter jurisdiction at any time before final judgment. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

                                                                                                                              :

                                           Initials of Preparer             PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-08189-SVW-JCG | Date | January 15, 2013 |
|---|---|---|---|
| Title | EPI Investments, LLC v. Jovel, et al. | | |

# JS - 6

The court may – indeed must – remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction.  See Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003).  A "strong presumption" against removal jurisdiction exists.  Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).  In seeking removal, the defendant bears the burden of proving that jurisdiction exists.  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

### A.   The Court Lacks Federal Question Jurisdiction

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law.  Removal based on § 1331 is governed by the "well-pleaded complaint" rule.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."  Id. at 392.  If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question.  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).  Thus, a plaintiff is generally the "master of the claim."  Caterpillar, 482 U.S. at 392. "A case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."  Id. at 393 (emphasis in original).  The only exception to this rule is where a plaintiff's federal claim has been disguised by "artful pleading."  Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

Here, Defendants have failed to establish subject matter jurisdiction.  Plaintiff's Complaint states a single claim for unlawful detainer, which "does not arise under federal law, but is purely a creature of California law."  Wells Fargo Bank v. Lapeen, No. C 11–01932 LB, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011) ; see also Wescom Credit Union v. Dudley, No. 10 CV-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010).  Defendants removed this case based on their claim that the Plaintiff is a "debt collector" under the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et. seq., "FDCPA") and that the Plaintiff violated the FDCPA.  (Dkt. 1 at 4).  However, this is a federal defense and "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court."  Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005); see also Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 14 (1983).  Because the Complaint does not raise a federal question, this Court does not have jurisdiction under 28 U.S.C. § 1331.

//

### B.   The Court Lacks Diversity Jurisdiction

:

Initials of Preparer           PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-08189-SVW-JCG | Date | January 15, 2013 |
|---|---|---|---|
| Title | EPI Investments, LLC v. Jovel, et al. | | |

JS - 6

Nor does the Court have diversity jurisdiction.  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States . . . ."  28 U.S.C. 1332(a).  Defendant has failed to show of diversity of citizenship.  The Complaint states that Plaintiff and Defendants are both citizens of California.  (Compl. ¶¶ 4, 5).  Furthermore, the requested amount of damages does not meet the jurisdictional requirement; the requested damages of $83.33 per day, beginning on June 25, 2012, plus costs of suit, would almost certainly be less than $75,000, and Defendants have not shown otherwise.  Therefore, the Court does not have a basis for exercising diversity jurisdiction over this action.

**III.   CONCLUSION**

Defendants have failed to carry the burden of establishing that removal is proper, as the Notice of Removal does not state a basis for federal question jurisdiction or diversity jurisdiction.  The action is remanded to state court, and the case shall be closed.

:

Initials of Preparer          PMC